{¶ 61} I concur with the findings denying appellant Daugherty's first assignment of error and appellant Safeco's second assignment of error but respectfully dissent on plaintiff-appellant Daugherty's second assignment of error and find defendant-appellant Safeco's second assignment of error moot. I would thus affirm the summary judgments for appellees Liberty Mutual Fire Insurance Company and Travelers Property Casualty on the issue of UM/UIM coverage.
 {¶ 62} The majority relies upon Kasson v. Goodman, Lucas App. No L-01-1432, 2002-Ohio-3022, ¶¶ 34-44 to conclude that while Daugherty is an insured, he is not a "named insured" for purposes of the "other owned auto exclusion." I reject application of Kasson[3] and would find that Travelers' primary policy UM/UIM coverage applies only when a "covered auto" is involved. As it is undisputed that Daugherty was a passenger in a vehicle owned and driven by his neighbor, Mary Hamilton, he was not in a "covered auto" as defined by Travelers' policy and, thus, would not be entitled to UM/UIM coverage.
 {¶ 63} Finding no coverage under the primary policy, I would then find that the excess umbrella policy also does not provide insurance, rendering Safeco's second assignment of error moot. I would affirm the trial court's judgments for appellees.
[3] Not having participated in that decision, I respectfully dissent from the Kasson holding that the addition of named individuals does not remove the Scott-Pontzer ambiguity. See Kasson v. Goodman, Lucas App. No L-01-1432, 2002-Ohio-3022, ¶ 26.